RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/24/14
MB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER MARTINEZ #29153-077 | DOCKET NO. 14-CV-1153, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN CARVAJAL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Christopher Martinez filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks the life sentence imposed on him in the Northern District of Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History*

Petitioner, along with several co-defendants, was charged with conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. §846, and money laundering, in violation of 18 U.S.C. §1956(a). See U.S. v. Martinez, 151 F.3d 384 (5th Cir. 1998). Petitioner was convicted and sentenced to life imprisonment. Id. Petitioner challenged his life sentence on appeal, claiming it violated due process because only approximately 40 kilograms of marijuana was actually seized by government authorities in

connection with his drug operation, yet his base offense level was determined by the PSR's calculation that his offense conduct involved 706.1 kilograms of cocaine and 328.5 kilograms of marijuana. The appellate court found, however, that because the drug conspiracy involved the total quantity of drugs, it was irrelevant what quantity was actually seized by law enforcement officers or what quantity was alleged in the indictment. "Drug quantity is a sentencing factor and is not an element that must be alleged in this indictment." Id., citing, United States v. Castillo, 77 F.3d 1480, 1486 (5th Cir. 1996).

In this §2241 case, Petitioner claims that the sentence is illegal in light of Alleyne v. United States, --- U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), where the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. Petitioner claims that a jury should determine the quantity of drugs to be attributed to Petitioner.

### Law and Analysis

Petitioner claims that he is entitled to proceed under the "savings clause" of §2255. The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2

28 U.S.C. §2255(e).

The Fifth Circuit has interpreted §2255(e) to mean that there are three "factors that must be satisfied for a petitioner to file a §2241 petition in connection with §2255's savings clause." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Reyes-Requena, 243 F.3d 893). They are: (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first §2255 motion; and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. See Garland, 615 F.3d at 394, citing Reyes-Requena, 243 F.3d at 904 and Christopher v. Miles, 342 F.3d 378, 382 (5th Cir. 2003).

Section §2241 is not a mere substitute for §2255 and the inadequacy or inefficacy requirement is stringent. Id. at 901; see Pack v. Yusuff, 218 F.3d at 452 (holding that the §2255 remedy may be found ineffective or inadequate "only in extremely limited circumstances"). Furthermore, the petitioner bears the burden of proving the inadequacy or ineffectiveness of a §2255 motion. Id.

Plaintiff alleges that Alleyne v. United States, --- U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), is a retroactively applicable Supreme Court decision. In Alleyne, the Supreme Court held that any fact that increases a defendant's mandatory minimum

3

sentence must be submitted to a jury to be proved beyond a reasonable doubt. See Alleyne, 133 S.Ct. at 2163. Only the Supreme Court can render a new rule retroactively applicable to cases on collateral review. See In re Kemper, 735 F.3d 211 (5th Cir. 2013), citing Tyler v. Cain, 533 U.S. 656, 662-63 (2001). Alleyne was a direct criminal appeal, see Alleyne, 133 S.Ct. at 2155-56, and therefore did not involve a retroactive application of a rule on collateral review. Moreover, the Supreme Court did not declare that Alleyne applies retroactively on collateral review. Without a retroactively applicable Supreme Court decision, Petitioner cannot meet the requirements of the savings clause. Petitioner may seek authorization to file a second or successive §2255 from the Fifth Circuit Court of Appeals. See §2255(h); 28 U.S.C. §2244(b)(3)(A).[1]

### Conclusion

Petitioner has failed to establish that the section 2255 remedy is inadequate or ineffective and, thus, his claims do not

---

[1] In order to obtain permission from the appellate court, the movant must make a prima facie showing that his proposed §2255 motion relies upon either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." §2255(h); § 2244(b)(3)(C); Reyes-Requena, 243 F.3d at 897. When seeking leave to file a successive §2255 motion on the basis of a new rule of constitutional law, a movant "must point to a Supreme Court decision that either expressly declares the collateral availability of the rule ... or applies the rule in a collateral proceeding." In re Tatum, 233 F.3d 857, 859 (5th Cir.2000) (internal quotation marks and citation omitted).

fall within the savings clause of section 2255(e). Thus, **IT IS RECOMMENDED** that Martinez's Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 23rd day of September, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE